

FILED

Dec 20 2018, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise L. Turner
DTurner Legal LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Cannon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 20, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1871<br><br>Appeal from the Morgan Superior<br>Court<br><br>The Honorable Sara Dungan,<br>Judge<br><br>Trial Court Cause No.<br>55D03-1710-CM-2043 |

**Vaidik, Chief Judge.**

[1] In October 2017, Monrovia Town Marshal Kenneth Jackson went to a house in Monrovia looking for a pit bull that had been involved in an attack on two miniature horses. There were several people at the house, including Daniel Cannon. The dog was in the garage, but when Marshal Jackson spoke to

Cannon, Cannon did not reveal that information. Eventually, though, a child at the house pointed to the garage, and Cannon retrieved the dog. The State charged Cannon with false informing. After a bench trial, the trial court found Cannon guilty. Cannon appeals, arguing that the State failed to present sufficient evidence to support a conviction for false informing. We agree.

[2] The State charged Cannon under Indiana Code section 35-44.1-2-3(d), which provides that a person commits false informing if the person "gives false information in the official investigation of the commission of a crime," knowing the information to be false. However, the State failed to prove a violation of this statute. The State called Marshal Jackson, who testified that he spoke to Cannon at the house. The prosecutor asked, "Did he indicate to you where that dog was that day?" Tr. p. 19. Marshal Jackson answered, "No." *Id.* The prosecutor then asked, "Did he indicate to you that the dog was in the house that day?" *Id.* at 20. Marshal Jackson answered, "No." *Id.* According to the State's own evidence, Cannon did not give Marshal Jackson **any** information, let alone false information. As such, his conviction for false informing cannot stand.[1]

[3] Reversed.

Mathias, J., and Crone, J., concur.

---

[1] The State is barred by principles of double jeopardy from retrying Cannon. Also, because we hold that the State failed to prove that Cannon gave false information, we need not address whether Marshal Jackson spoke to Cannon "in the official investigation of the commission of a crime," as required by Section 35-44.1-2-3(d)(1).